# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: JERRY MICHAEL HOLLANDER, JR. AND SHEILA STORY HOLLANDER | CIVIL ACTION<br>NO. 17-8157<br>SECTION: "E" (5) |

## ORDER AND REASONS[1]

This matter is before the Court on review from the U.S. Bankruptcy Court.[2] Rhonda and Robert Sigillito appeal: (1) the Bankruptcy Court's August 4, 2017 order denying the Sigillitos' motion for additional attorneys' fees,[3] and (2) the Bankruptcy Court's August 4, 2017 order granting Jerry Michael Hollander and Sheila Story Hollanders' request for an order releasing their surety bond.[4] The Hollanders have filed an opposition.[5] For the reasons that follow, the Court **REVERSES** the Bankruptcy Court's order denying the Sigillitos' motion for additional attorneys' fees,[6] **VACATES** the Bankruptcy Court's order that the Hollander's surety be released,[7] and **REMANDS** the case to the Bankruptcy Court for the purpose of determining the amount of additional attorneys' fees owed.

---

[1] Unless otherwise specified, citations to the record herein refer to docket No. 17-8157.
[2] Bankr. No. 04-1193. On March 29, 2017, this case was transferred from the U.S. Bankruptcy Court for the Eastern District of Louisiana, Judge Elizabeth W. Magner presiding, to the U.S. Bankruptcy Court for the Middle District of Louisiana, Judge Douglas D. Dodd presiding. No. 04-1193, R. Doc. 261. The case remained on the same docket, Bankr. No. 04-1193.
[3] R. Doc. 1-2; Bankr. No. 04-1193, R. Doc. 274.
[4] R. Doc. 1-3, Bankr. No. 04-1193, R. Doc. 275. The Sigillitos' brief on appeal is docketed as R. Doc. 5.
[5] R. Doc. 6.
[6] R. Doc. 1-2; Bankr. No. 04-1193, R. Doc. 274.
[7] R. Doc. 1-3; No. 04-1193, R. Doc. 275.

1

## BACKGROUND

This adversary proceeding has been pending for over a decade. Multiple appeals and remands have taxed the resources of the judiciary, counsel for the parties, and the parties themselves. This dispute's long and tortured history has been summarized aptly in previous opinions.[8] For purposes of this appeal, only a brief summary of the underlying dispute is necessary. On September 8, 2004, the Sigillitos filed an adversary proceeding in the Bankruptcy Court against the Hollanders, alleging that the Hollanders concealed redhibitory defects when they sold the Sigillitos a house in Mandeville, Louisiana.[9] The Sigillitos sought rescission, damages, attorneys' fees and costs, and moved to have their claim for damages made nondischargeable under 11 U.S.C. § 523(a)(2)(A), claiming that they bought the house from the Hollanders under false pretenses, false representations, and/or as the result of actual fraud.[10]

In 2004, the Bankruptcy Court held a trial on the merits, entering a non-dischargeable money judgment in redhibition against the Hollanders and in favor of the Sigillitos.[11] The Bankruptcy Court did not address the Sigillitos' fraud claim or their request for attorneys' fees. Several rounds of appeals followed, one of which directed the Bankruptcy Court to rule on the fraud claim.[12] The Bankruptcy Court eventually entered judgment, holding that the Sigillitos failed to prove contractual fraud by a preponderance of the evidence.[13] On appeal, this Court reversed the Bankruptcy Court's judgment,

---

[8] *See* Bankr. No. 04-1103, R. Docs. 103, 129, 132, 145 148, 150, 166, 169.
[9] Bankr. No. 04-1103, R. Doc. 1; Bankr. No. 04-1103, R. Doc. 166 at 1.
[10] Bankr. No. 04-1103, R. Doc. 1; Bankr. No. 04-1103, R. Doc. 166 at 1.
[11] *See* Bankr. No. 04-1193, R. Docs. 104, 114.
[12] *See* Bankr. No. 04-1193, R. Doc. 129.
[13] Bankr. No. 04-1193, R. Doc. 170; *see* La. C.C. art. 1957.

2

rendered judgment in favor of the Sigillitos, and remanded the case to the Bankruptcy Court "solely for the purpose of determining attorneys' fees."[14]

On July 20, 2015, the Bankruptcy Court entered its judgment, finding the Hollanders liable to the Sigillitos for attorneys' fees in the amount of $163,151.30 and for costs in the amount of $16,498.92.[15] On September 16, 2015, the Hollanders filed a Motion for Entry of Final Judgment before this Court, seeking affirmance of the Bankruptcy Court's judgment on attorneys' fees and costs.[16] The Hollanders "d[id] not challenge the amount of fees and costs awarded by the Bankruptcy Court and d[id] not ask this Court to exercise its appellate review of the bankruptcy court's judgment."[17] On September 17, 2015, the Sigillitos filed a response in support of the Hollander's motion for a final judgment, but noted that the Bankruptcy Court's July 20, 2015 judgment did not account for fees incurred after January 31, 2015, and "request[ed] that the Judgment reflect that the Sigillitos reserve the right to seek additional attorneys' fees and costs that were not before the Bankruptcy Court's consideration on their Fee Application."[18] On September 18, 2015, this Court entered its final judgment affirming the Bankruptcy Court's determination of fees and costs, stating "the Sigillitos' right to seek additional attorneys' fees and costs that were not before the Bankruptcy Court is hereby reserved."[19]

On August 21, 2015, the Hollanders posted a supersedeas bond listing Jerry Michael Hollander, Jr. and Sheila Story Hollander, as principals, and LEXON Insurance Company, as surety, in favor of Robert and Rhonda Sigillito, in the amount of

---

[14] No. 13-6665, R. Doc. 8 at 8.
[15] Bankr. No. 04-1193, R. Doc. 239.
[16] No. 13-6665, R. Doc. 21.
[17] *Id.*
[18] No. 13-6665, R. Doc. 22.
[19] No. 13-6665, R. Doc. 23.

3

$215,580.37, twenty percent more than the amount of costs and fees ordered by the Court,[20] to "satisfy whatever Judgment may be rendered against them."[21] The same day, on August 21, 2015, the Bankruptcy Court approved the Hollanders' supersedeas bond and stayed the execution of the final judgment awarding fees and costs "during pendency of Defendants' appeal to the United States Fifth Circuit of the District Court's Order and Reasons."[22]

The Hollanders filed their initial notice of appeal on October 27, 2014,[23] which the Fifth Circuit deemed premature.[24] After this Court issued a final order with respect to costs and fees on September 18, 2015,[25] the Hollanders filed an amended notice of appeal on October 5, 2015.[26] On May 3, 2016, three days after hearing oral argument on the appeal of this Court's finding of fraud, the Fifth Circuit affirmed this Court's order in full, with the mandate issuing on May 25, 2016.[27] On June 20, 2016, the parties filed a joint motion in the Bankruptcy Court for the partial release and payment in satisfaction of judgment.[28] In the joint motion, the Sigillitos preserved "their rights to seek additional attorney's fees pursuant to the District Court's Final Judgment for Fees and Costs."[29] On June 22, 2016, the Bankruptcy Court granted the parties' joint motion,[30] signing their jointly proposed order, which specifically provided that "[the Sigillitos'] rights to seek

---

[20] No. 13-6665, R. Doc. 23. The Court found the Hollanders liable to the Sigillitos for attorneys' fees in the amount of $163,151.30 and for costs in the amount of $16,498.92, totaling $179,650.22.
[21] Bankr. No. 04-1193, Doc. 244-1, 245–46, 248.
[22] Bankr. No. 04-1193, Doc. 247.
[23] No. 13-6665, R. Doc. 9.
[24] No. 13-6665, R. Doc. 15. The Fifth Circuit stayed the appeal "until the question of attorney's fees ha[d] been resolved by the bankruptcy court and the district court, and the district court ha[d] entered an order or final judgment regarding attorney's fees." *Id.* at 2.
[25] No. 13-6665, R. Doc. 23.
[26] No. 13-6665, R. Docs. 24–26.
[27] No. 13-6665, R. Doc. 30.
[28] Bankr. No. 04-1193, R. Doc. 251.
[29] *Id.* at ¶ 5.
[30] *Compare* Bankr. No. 04-1193, R. Doc. 251-1 *with* Bankr. No. 04-1193, R. Doc. 252.

further attorney's fees pursuant to the judgment rendered in the United States District Court on September 18, 2015, [R. Doc. NO. 23], are hereby reserved."[31]

On July 13, 2016, the Sigillitos filed a motion in this Court seeking to amend the Court's September 18, 2015 order awarding them costs and fees, seeking "to include the additional attorneys' fees and costs that were expressly reserved by this Court's Final Judgment."[32] The Hollanders opposed the motion: (1) arguing the motion "should be denied outright," as the Sigillitos are not entitled to the fees they seek; (2) moving this Court to remand the Sigillitos' motion to the Bankruptcy Court for initial consideration; and (3) contending the Sigillitos' fee request "is unreasonable on its face."[33] Significantly, the Hollanders did not argue the motion was untimely. On July 29, 2016, the Hollanders filed a formal motion moving for remand to the Bankruptcy Court,[34] which this Court granted on August 1, 2016.[35]

On January 18, 2017, while the Sigillitos' July 13, 2016 motion for additional attorneys' fees was still pending,[36] the Hollanders filed a "Motion for Order of Satisfaction of Judgment and Release of Supersedeas Bond" in the Bankruptcy Court.[37] In this motion, which was filed over seven months after the Fifth Circuit's mandate issued, the Hollanders argued *for the first time* that the Sigillitos' motion seeking additional attorney's fees and costs was filed untimely.[38] The Sigillitos opposed the motion on February 14, 2017, arguing that their motion to amend the Court's judgment was timely, as they "are not

---

[31] Bankr. No. 04-1193, R. Doc. 252 at 2.
[32] No. 13-6665, R. Doc. 32-1 at 1.
[33] No. 13-6665, R. Doc. 33 at 1–3.
[34] No. 13-6665, R. Doc. 38. The Sigillitos opposed the motion. No. 13-6665, R. Doc. 41.
[35] No. 13-6665, R. Doc. 44.
[36] No. 13-6665, R. Doc. 32-1.
[37] Bankr. No. 04-1193, R. Doc. 256.
[38] Bankr. No. 04-1193, R. Doc. 256-1 at ¶ 7–8.

5

seeking an attorney fee award in the first instance," and clarifying that "they are merely seeking to amend the Judgment rendered in their favor finding that the Sigillitos should be compensated for all the fees and costs associated with the several appeals in this case, as reflected in the District Court's Judgment reserving the right to amend the Judgment."[39]

On August 8, 2017, the Bankruptcy Court entered a memorandum opinion finding "[t]he Sigillitos failed to move for additional attorney fees and costs within the time the Federal and Bankruptcy Rules prescribe or to allege facts supporting a finding that their failure to act timely stemmed from excusable neglect."[40] The Bankruptcy Court's evaluation of the timeliness of the Sigillitos' motion is based on the fourteen-day time limit in Federal Rule of Civil Procedure 54, as applied to the Fifth Circuit's May 25, 2016 mandate issue date.

The Bankruptcy Court found in the alternative that the fees and costs the Sigillitos requested were excessive and also not recoverable for that reason.[41] The Bankruptcy Court reasoned:

> The bankruptcy court awarded the Sigillitos damages of $28,424.43; no reviewing court modified that sum. The judgment creditors also have recovered $179,650.22 in fees and costs through January 31, 2015, for litigating appeals and trying their attorney fees claim, an amount more than six times the damage award. Though no bright line exists in Louisiana law for reasonableness of attorney fee awards, surely that sum is reasonable and adequate in light of the damages they proved.
>
> The Sigillitos now ask the court for additional fees and costs that, in combination with their prior awards, totals many times more than damages awarded on their fraud claim. They have been compensated amply in light of their original damage award, the work performed, and the skill required, and the court declines to award further compensation.[42]

---

[39] Bankr. No. 04-1193, R. Doc. 256-1 at 2.
[40] Bankr. No. 04-1193, R. Doc. 274.
[41] *Id.*
[42] *Id.* at 9–10.

On August 6, 2017, the Bankruptcy Court entered an Order deeming this Court's September 18, 2015 judgment satisfied and releasing and cancelling the supersedeas bond.[43] The Sigillitos filed their notice of appeal to this Court on August 24, 2017.[44]

## STANDARD OF REVIEW

A party aggrieved by a bankruptcy court's ruling may appeal to the district court.[45] The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.[46] A factual finding is clearly erroneous when the district court is left with the "definite and firm conviction, in light of the entire record, that a mistake has been made."[47] The district court may correct a factual finding predicated on an erroneous interpretation of law.[48]

## DISCUSSION

In the Bankruptcy Court and before this Court, the Hollanders argue the Sigillitos' motion to amend the Court's prior judgment awarding them costs and attorney's fees was filed untimely. According to the Hollanders, for the Sigillitos' request for attorneys' fees to have been timely, Federal Rule of Civil Procedure 54 required the Sigillitos to file a second motion for attorney's fees within fourteen days of the mandate issue date of the Fifth Circuit's judgment affirming this Court's order—in other words, no later than June 8, 2016.[49] In opposition, the Sigillitos point out that their motion seeking *additional* attorney's fees was a motion to amend this Court's prior judgment dated September 18,

---

[43] Bankr. No. 04-1193, R. Doc. 276.
[44] R. Doc. 1.
[45] *See* 28 U.S.C. § 158(a).
[46] *In re Green Hills Dev. Co.*, 741 F.3d 651, 654 (5th Cir. 2014); *see also* FED. R. BANKR. P. 8013.
[47] *In re MBS Mgmt. Servs., Inc.*, 690 F.3d 352, 354 (5th Cir. 2012).
[48] *See In re Coston*, 991 F.2d 257, 261 (5th Cir. 1993).
[49] R. Doc. 6.

2015, and that, in any event, prior orders of this Court and the Bankruptcy Court extended the time the Sigillitos had to file their motion for attorney's fees incurred after January 31, 2015.[50]

Federal Rule of Civil Procedure 1 provides that the Federal Rules "govern the procedure in all civil actions and proceedings in the United States *district courts.*"[51] Federal Rule of Civil Procedure 54(d)(2) lays out the procedural framework for requesting attorneys' fees in the district court. Subsection A requires that a "claim for attorney's fees and related nontaxable expenses . . . be made by motion."[52] Subsection B governs the contents of that motion and provides that such a motion must be filed no later than fourteen days after the district court enters its judgment:

> Unless a statute or a court order provides otherwise, the motion must:
>
> (i) *be filed no later than 14 days after the entry of judgment*;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.[53]

Because the Federal Rules of Civil Procedure govern proceedings in the district courts, the fourteen day period within which a motion for attorneys' fees must be filed begins to run from the date of the final judgment issued in the district court, not the court of appeals.

*Quigley v. Rosenthal*, decided by the Tenth Circuit, illustrates this concept.[54] The Tenth Circuit reversed in part an order of the district court, remanding it with

---

[50] R. Doc. 5.
[51] FED. R. CIV. P. 1 (emphasis added). Rule 1 goes on to state "except as stated in Rule 81." Rule 81 does not apply in this case.
[52] FED. R. CIV. P. 54(d)(2)(A).
[53] FED. R. CIV. P. 54(d)(2)(B) (emphasis added).
[54] 427 F.3d 1232, 1236–37 (10th Cir. 2005).

8

instructions.[55] Following reversal and remand, the district court revised its ruling, "to comply 'with the mandate of the United States Court of Appeals for the Tenth Circuit filed with th[e district] court on September 22, 2003'" and entered an amended final judgment on June 14, 2004.[56] On July 29, 2004, the plaintiffs filed a motion requesting the district court to schedule a hearing on their original motion, which they had filed on May 12, 2000, for attorneys' fees and costs, and "purported to update and amend that original motion to include requests for fees and costs incurred since the filing of the original motion."[57] The district court denied plaintiff's motion as untimely, as it was filed more than fourteen days from the entry of the district court's amended final judgment on June 14, 2004.

On appeal, the Tenth Circuit affirmed the district court's judgment.[58] The circuit court explained that,

> it is beyond dispute that appeals can be taken from amended final judgments, including those entered following an appellate reversal or remand. Thus, although there was nothing in the amended final judgment entered in this case that either party would have challenged, the amended final judgment nevertheless constituted a "judgment" for purposes of Rule 54.[59]

Notably, the Tenth Circuit did not find the fourteen day filing period began to run following its mandate, but rather concluded that the period began anew following the amended judgment entered by the district court after reversal and remand.[60]

In this case, the Sigillitos sought attorneys' fees in their complaint, alleging the Hollanders sold the Sigillitos the property "under false pretenses, false representations

---

[55] *Id.* at 1233–34.
[56] *Id.* at 1234.
[57] *Id.*
[58] *Id.* at 1232–33.
[59] *Id.* 1236–37.
[60] *Id.*

9

and/or actual fraud."[61] At every stage of this litigation, the Sigillitos have moved for the attorneys' fees to which they are entitled under Louisiana Civil Code article 1958 based on the Hollanders' fraud in connection with the sale of their home.[62] The parties have been litigating the Sigillitos' right to attorneys' fees since at least 2009,[63] with the issue being presented to multiple courts, including two Bankruptcy Court judges, two district court judges, and two panels of the Fifth Circuit. Throughout the course of this litigation, this Court and the Bankruptcy Court have ordered repeatedly that the Sigillitos' right to additional attorneys' fees be reserved.[64] As a result, the Sigillitos moved for attorneys' additional fees timely. The Bankruptcy Court's judgment to the contrary is an error of law.[65]

Alternatively, even if the Fifth Circuit's mandate issue date triggered a new filing deadline for attorneys' fees or the motion was otherwise untimely, the Court finds the doctrine of excusable neglect applies in this case. In *Pioneer Investment Services Co. v. Brunswick Associates L.P.*,[66] the U.S. Supreme Court addressed the concept of excusable neglect. The Court adopted a flexible approach, holding that excusable neglect could be found in situations in which delays were caused by "intervening circumstances beyond the party's control" as well as in situations involving "late filings caused by inadvertence,

---

[61] Bankr. No. 04-1193, R. Doc. 1 at ¶ 7, p. 4.
[62] No. 10-392, R. Doc. 3 at 8 ("This Court should apply the findings of fact that the Bankruptcy Court necessarily found, determine that the Sigillitos have proven their case for fraud against the Hollanders, and award the Sigillitos the damages and attorneys' fees that are due under Civil Code article 1958."); No. 12-318, R. Doc. 5 at 25 ("A finding of fraud requires that this Court award the Sigillitos all damages and attorneys' fees under Louisiana Civil Code article 1958."); No. 13-6665, R. Doc. 3 ("If the Hollanders are liable for fraud under Louisiana Civil Code article 1953, the Sigillitos are entitled to damages and attorneys' fees under Civil Code article 1958.").
[63] No. 09-3355, R. Doc. 18.
[64] No. 13-6665, R. Doc. 23; Bankr. No. 04-1193, R. Doc. 252. To the extent it was necessary, these orders provided the Sigillitos with additional time in which to file their motion for additional attorneys' fees.
[65] *See In re Green Hills Dev. Co.*, 741 F.3d at 654.
[66] 507 U.S. 380 (1993).

mistake, or carelessness."[67] "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[68]

The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[69] To determine what sorts of neglect is "excusable, the Court set out a balancing test to be applied when a negligent party or its attorney has failed to meet a deadline."[70] "A court is to consider the danger of prejudice to the adversary party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[71]

In this case, the delay in filing was modest, the Sigillitos acted in good faith by repeatedly reserving their right to seek additional fees, and the Hollanders, having been put on notice of the Sigillitos' intent to move the Court for additional fees, were not prejudiced by the delay. The parties filed a *joint* motion on June 20, 2016, twenty-six days after the Fifth Circuit's mandate issued on May 25, 2016, reserving the Sigillitos' right to seek additional fees.[72] On July 13, 2016, the Sigillitos filed a motion to amend this Court's September 18, 2015 order awarding them costs and fees, seeking "to include the additional attorneys' fees and costs that were expressly reserved by this Court's Final

---

[67] *Id.* at 388.
[68] *Id.* at 392.
[69] *Id.* at 395.
[70] *Ardisam, Inc. v. Ameristep, Inc.*, 343 F. Supp. 2d 726, 729–30 (W.D. Wis. 2004) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).
[71] *Id.* at 730 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).
[72] Bankr. No. 04-1193, R. Doc. 251.

Judgment."[73] In their opposition to the motion, the Hollanders did not argue the motion was filed untimely.[74] The Hollanders argued the motion was untimely for the first time on January 18, 2017, 238 days after the mandate issue date.[75] The Hollanders were not prejudiced by the Sigillitos' delayed filing.

In *Romaguera v. Gegenheimer*, for example, the Fifth Circuit clarified that in certain situations the rigid strictures of Rule 54(d)(2) may not apply.[76] Explaining that "one of the key functions of Rule 54(d)(2) is to ensure that parties properly notify their counterparts of their requests for attorneys' fees" and that the rule "sets out the minimum requirements needed to effectuate a valid notice of the request," the Fifth Circuit stated that "[t]he failure to file the request would ordinarily result in a request being denied."[77] "However, a court may deem a notification sufficient if it satisfies the intended purposes of Rule 54(d)(2)."[78] Given that this Court and the Bankruptcy Court both ordered that the Sigillitos' right to seek additional fees be reserved, and, after the fourteen-day period had passed, the parties filed a joint motion seeking *partial* payment of attorney's fees, again explicitly reserving the Sigillitos' right to seek additional fees, the Hollanders were sufficiently on notice that the Sigillitos would be seeking additional fees. The intended purposes of Rule 54(d)(2) have been satisfied.

The Court also finds the Bankruptcy Court's alternative holding—that, because it considered the Sigillitos' fees excessive, the Sigillitos were not entitled to *any* additional fees—was legal error.[79] The underlying dispute in this case is a Louisiana law based action

---

[73] No. 13-6665, R. Doc. 32-1 at 1.
[74] No. 13-6665, R. Doc. 33 at 1–3.
[75] Bankr. No. 04-1193, R. Doc. 256.
[76] 162 F.3d 893 (5th Cir.1998), *decision clarified on denial of rehearing*, 169 F.2d 223 (5th Cir. 1999).
[77] *Id.* at 895.
[78] *Id.*
[79] R. Doc. 1-2 at 8–10.

12

in redhibition.[80] Because the underlying suit is based on Louisiana law, the Court must apply Louisiana law in determining the quantum.[81] In Louisiana, attorneys' fees are not allowed except when they are authorized by statute or contract.[82] Having granted rescission against the Hollanders and specifically finding the Sigillitos were entitled to rescission as a result of the Hollanders' fraud,[83] the Hollanders are liable to the Sigillitos for attorneys' fees pursuant to Louisiana Civil Code article 1958.[84]

When determining a *quantum meruit* award, courts must consider the following factors, derived from Rule 1.5(a) of the Louisiana Rules of Professional Conduct:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.[85]

"Courts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law."[86]

In this case, the Sigillitos seek attorneys' fees and costs incurred after January 31, 2015.[87] These fees include fees incurred litigating the amount of attorneys' fees owed, as well as opposing the Hollanders' appeal of this Court's finding of fraud. In its order denying the fee request, the Bankruptcy Court did not differentiate between the amount

---

[80] Bankr. No. 04-1193, R. Doc. 1.
[81] *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 689-90 (5th Cir. 1991).
[82] *Huddleston v. Bossier Bank and Trust Co.*, 475 So. 2d 1082 (La. 1985).
[83] No. 13-6665, R. Doc. 8 at 8.
[84] LA. C.C. art. 1958 ("The party against whom rescission is granted because of fraud is liable for damages and attorney fees.").
[85] *State ex rel. Dep't of Transp. & Develop. v. Williamson*, 597 So. 2d 439, 441 (La. 1992) (citing *State ex rel. Dep't of Transp. & Develop. v. Jacob*, 491 So. 2d 138 (La. App. 3 Cir. 1986); *State v. Ransome*, 392 So. 2d 490 (La. App 1 Cir. 1980)).
[86] *Id.* at 441–42 (citing *City of Baton Rouge v. Stauffer Chemical Co.*, 500 So. 2d 397 (La. 1987); *Leenerts Farms, Inc. v. Rogers*, 421 So. 2d 216 (La. 1982)).
[87] R. Doc. 1-2.

of the fees incurred opposing the Hollanders' appeal to the Fifth Circuit and those incurred in preparing the fee application itself.

Instead, the Bankruptcy Court, with almost no analysis, concluded that the requested fees as a whole were excessive because they total "many times more than damages awarded on their fraud claim," and stating "surely that sum [already awarded] is reasonable and adequate in light of the damages they proved."[88] The cases to which the Bankruptcy Court cited do not stand for the proposition that, if the court finds a fee request excessive, it should deny the fees entirely.[89] Instead, under Louisiana law, when the attorneys' fees requested are excessive, the court may reduce the award accordingly.[90]

The Bankruptcy Court also found the Sigillitos were not entitled to fees on fees, relying on *Baker Botts L.L.P. v. ASARCO LLC*.[91] Judge Magner correctly distinguished *Baker Botts* from the case at bar in her July 20, 2015 opinion granting the Sigllitos' original fee request, including their request for fees on fees. As she noted, the U.S. Supreme Court's decision in *Baker Botts* "was based on a request [for attorneys' fees] under 11 U.S.C. Section 330."[92] In this case, the fee request is made pursuant to Louisiana Civil Code article 1958.[93] Judge Magner found no Louisiana law or opinion providing that fees on fee are not recoverable under article 1958.[94] This Court agrees with Judge Magner's assessment.[95] As a result, the Court finds the Bankruptcy Court's alternative

---

[88] R. Doc. 1-2 at 10.
[89] *See City of Alexandria v. Brown*, 740 F.3d 339, 352 (5th Cir. 2014); *Sicard v. Sicard*, 82 So.3d 565, 569 (La. App. 5 Cir. 2011).
[90] *In re Succession of Horn*, 04-168 (La. App. 5 Cir. 6/29/04), 877 So. 2d 1111, 1113–14.
[91] 135 S. Ct. 2158 (2015).
[92] Bankr. No. 04-1193, R. Doc. 238 at 29, n.124.
[93] LA. C.C. art. 1958 ("The party against whom rescission is granted because of fraud is liable for damages and attorney fees.").
[94] Bankr. No. 04-1193, R. Doc. 238 at 29, n.124.
[95] *Silver Dream, LLC v. 3MC, Inc.*, No. 10–3658, 2011 WL 5878142, at *7 (E.D. La. Oct. 31, 2011), *adopted by*, 2011 WL 5878140 (E.D. La. Nov. 23, 2011) (citing *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Cruz v. Hauck*, 762 F.2d 1230, 1233–35 (5th Cir. 1985); *Lewallen v. City of Beaumont*, No. 05-733,

holding that the Sigillitos are not entitled to recover attorneys' fees incurred after January 31, 2015 because they are, in part, fees on fees is legally erroneous.

The Bankruptcy Court's judgment is reversed.[96] The Sigillitos are entitled to recover reasonable attorneys' fees for the work performed after January 31, 2015 through this date. If the Hollanders appeal this ruling and the decision is affirmed, the Sigillitos' right to additional fees is hereby reserved.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Bankruptcy Court's August 4, 2017 order denying the Sigillitos' motion for additional attorney's fees be and hereby is **REVERSED**.[97]

**IT IS FURTHER ORDERED** that the Bankruptcy Court's order releasing and cancelling the supersedeas bond be and hereby is **VACATED**.[98]

**IT IS FURTHER ORDERED** that the Hollanders' motion to strike the Sigillitos' reply brief is hereby **DENIED WITHOUT PREJUDICE AS MOOT**.[99]

**IT IS FURTHER ORDERED** that the Sigillitos' motion to supplement the record is hereby **DENIED WITHOUT PREJUDICE AS MOOT**.[100]

---

2009 WL 2175637, at *8 (E.D. Tex. July 20, 2009), *aff'd*,394 F. App'x 38 (5th Cir. 2010); *Chaparral Tex., L.P. v. W. Dale Morris, Inc.*, No. 06-2468, 2009 WL 455282, at *12 n.5 (S.D. Tex. Feb. 23, 2009) ("A prevailing party is entitled to an award of reasonable attorneys' fees in connection with the time spent to prepare the fee application.")).

[96] R. Doc. 1-2; Bankr. No. 04-1193, R. Doc. 274.
[97] R. Doc. 1-3; Bankr. No. 04-1193, R. Doc. 274.
[98] Bankr. No. 04-1193, R. Doc. 276.
[99] R. Doc. 9. Because the Court did not consider the email chain to which the Hollanders object in their motion to strike, but nevertheless finds in favor of the Sigillitos, the Court dismisses the motion to strike the Sigillitos' reply brief without prejudice as moot.
[100] R. Doc. 12.

**IT IS FURTHER ORDERED** that the case be **REMANDED** to the Bankruptcy Court for proceedings not inconsistent with this order, including a determination of the amount of attorneys' fees to which the Sigillitos are entitled.

**New Orleans, Louisiana, this 24th day of July, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**